JACKSON FANNIN ET AL. *v.* SAMUEL MURRAY ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—251.]

**Filing an Amended Petition.**

Where in an original petition it is not alleged that the sale of land was in writing, and the proof shows such sale to have been made by a bond for a deed, the filing of an amended petition may properly be permitted.

APPEAL FROM LAWRENCE CIRCUIT COURT.

September 17, 1881.

OPINION BY JUDGE PRYOR:

This record contains a mass of conflicting testimony, but in our opinion the proof preponderates on the side of the appellees. The original petition fails to allege that the sale of the land from Joseph Gort to old man Murray was in writing, but the amended petition cures this defect and alleges the execution of the title bond. This amendment should have been permitted to be filed to correspond with the proof, particularly when the witnesses speak of the execution of the bond on their first examination.

The fact that the widow of Joseph Gort sold her dower to the decedent, Murray, and the additional fact that Murray erected his dwelling upon the fifty-acre tract within a few feet of his own land, tends strongly to corroborate the testimony of the appellants, by whom the existence of the bond is established. Besides, Fannin, the appellant, is on the land, the same pur-

chased by Joseph Gort and his mother, and the decedent, Murray, seems to have aided in paying for this land, and that was a part consideration from Murray to Joseph Gort in the purchase of the fifty acre tract in controversy.

The wife of Murray and the mother of Joseph Gort seem to have been the principal managers of the business affairs of the former's husband after he became advanced in years, and proof of her declarations to ownership we think are not entitled to much weight. It is shown by the testimony of the appellants, with a view of establishing title in Mrs. Murray, that she and her husband had one or more quarrels in regard to the ownership of this property. It is unreasonable to suppose that the husband would have set up any claim to this land in his own right and to the extent of producing dissatisfaction on the part of the wife, when he was without the semblance of title.

It is evident Murray was asserting an absolute claim in his life-time, and when the existence of the bond is certainly shown, notwithstanding the lapse of time, we are not disposed to discredit the statements made as to its existence.

Judgment *affirmed.*

*Geo. N. Brown, Jas. E. Stewart, for appellants.*
*W. C. Ireland, for appellees.*